Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

No. 60350.—Accurate Millinery Co. et al. *v.* United States, protests 229451–K etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

No. 60351.—Halper Bros., Inc., et al. *v.* United States, protests 256769–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

No. 60352.—Dernier, Inc. *v.* United States, protest 276851–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiff was sustained.

**No. 60353.**—Roy A. Parsons *v.* United States, protest 291296–K (Portland, Oreg.).

Opinion by MOLLISON, J. In accordance with oral stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59620, the claim of the plaintiff was sustained.

**No. 60354.**—Bernstein & Skolnick, Inc., and Leading Forwarders, Inc., et al. *v.* United States, protests 181015–K, etc. (New York).

Opinion by WILSON, J. It was stipulated that the items marked "A," "B," "C," and "D" are neither appropriate nor suitable for the purpose of ornamentation to which artificial flowers may be temporarily devoted and that the merchandise consists of articles the same in all material respects, except for the component material of chief value, as those the subject of Abstract 57673. In accordance with stipulation of counsel and following the cited authority, the merchandise was held dutiable as follows: (1) The items marked "A" at 20 percent under the provision in paragraph 1023, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), for articles, composed wholly or in chief value of vegetable fiber, other than cotton; (2) the items marked "B" at 45 percent under the provision in paragraph 1529 (a), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), for articles, composed wholly or in chief value of yarns, threads, or filaments; (3) the items marked "C" at 12½ percent under the provision in paragraph 1537 (a), as modified by T. D. 51802, for articles, composed wholly or in chief value of palm leaf, other than raffia; and (4) the items marked "D" at 25 percent under paragraph 1537 (a) as articles, composed wholly or in chief value of straw.

---

BEFORE THE SECOND DIVISION, NOVEMBER 15, 1956

**No. 60355.**—California Mill Supply Co. and W. J. Byrnes & Co., Inc., et al. *v.* United States, protests 139003–K, etc. (Los Angeles).

RAO, Judge: Certain vegetable fiber, invoiced variously as "Palm Fibre," "Niga-Palm Fibre," and "Argentine vegetable fibre not braided," imported from Argentina, was classified by the collector of customs at the port of Los Angeles as crin vegetal, twisted or not twisted, and, accordingly, assessed with duty at the rate of 1 cent per pound as provided in paragraph 1001 of the Tariff Act of 1930.

It is the principal claim of plaintiffs herein that this merchandise is entitled to free entry within the provisions of paragraph 1684 of said act as fibrous vegetable substances, not dressed or manufactured in any manner. Other claims for